THE STATE v. COOPER, *Appellant.*

1. **Evidence**: CONTRADICTION OF WITNESS. Where it is sought to contradict a witness by reading from the bill of exceptions containing her testimony on a former trial of the cause, only such portions of her testimony can be read as she denied then testifying to.

2. ———: ———: MURDER. Evidence which goes to show the partiality of a witness is admissible; but where in a trial for murder, evidence of one's own statements is offered to show his bias as a witness, its exclusion will not be reversible error where the witness is the father of the deceased and the evidence fully warrants the verdict.

3. ———: INSTRUCTIONS. On a trial for murder evidence of the threat of a third person, having no connection with the homicide, is properly excluded from the consideration of the jury.

4. ———: REBUTTAL. Evidence offered in rebuttal which tends to overthrow the theory sought to be established by the defence is admissible.

5. **Practice**: INSTRUCTIONS. Instructions embraced in others given are properly refused.

*Appeal from Newton Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*George Hubbert* for appellant.

(1) The exclusion by instruction numbered seven of part of the testimony of Rice from the consideration of the jury was palpable error. Previous threats, whether communicated or not, were relevant. *State v. Alexander,* 66 Mo. 161; *State v. Evans,* 65 Mo. 583; *State v. Cooper,* 71 Mo. 441. (2) The testimony offered to show the hostility of the witness, Isaac Grimes, to the defendant

was improperly excluded.   1 Greenl. Ev., § 450.   (3) The·
evidence of Thursday Grimes on a former trial, as pre-
served in the bill of exceptions, should have been ad-
mitted to impeach her.   The proper foundation had
been laid.   (4) Instruction numbered ten should have
been given as asked.   Its change brought the bill of
exceptions to the level of a deposition, while it was a.
record in the cause importing absolute verity.   R. S., §§
1921, 3639; *Douglass v. Orr*, 58 Mo. 577.   (5) The court·
should have instructed for manslaughter, although not
asked to do so.   *Matthew's Case*, 20 Mo. 55; *Stonum's
Case*, 62 Mo. 596.   Cooper's testimony supports the
theory of manslaughter in the third degree.   R. S., §
1244.   But if the killing was in passion, intentional and
not necessary it was manslaughter in the fourth degree.
R. S., § 1250; *State v. Edwards*, 70 Mo. 483; *Wieners'
Case*, 66 Mo. 20; 2 Bish. Cr. L., § 723; *State v. Robinson,*
73 Mo. 309.   (6) The judgment should have been arrested
for want of an indictment against him for murder in the
second degree and for want of an arraignment.   R. S.,
§ 1927; *State v. Barnes*, 59 Mo. 154; R. S., § 1845; Con.
United States; *Ray v. People*, 14 Reporter, 515; 1 Bish.
Cr. Prac. (2 Ed.) § 728; 4 Black. Com. 322; Con. Mo., art.
2, § 12.

*D. H. McIntyre*, Attorney General, for the state.

It was not error to refuse to allow defendant to read
all of Mrs. Thursday Grimes' testimony on a former
trial, as preserved in the bill of exceptions for the pur-
pose of impeaching her.   Upon cross-examination the
witness did not deny testifying on the former trial as set
out in the portion of the bill of exceptions excluded.
Where she denied so testifying, the court permitted her
to be contradicted by reading from the bill of exceptions.
"Only upon denial, direct or qualified, by the witness,
that such statements were made, can proof of them be
offered."  Whar. on Cr. Ev., § 483, p. 393 (8 Ed.); Taylor
on Ev., § 1445, p. 1215; Starkie on Ev., top p. 214 (9 Ed).

It was not error to refuse to allow Isaac Grimes to be contradicted by showing expressions of ill-feeling against defendant. The question was about a matter collateral to the issue on trial, and the defendant was bound by the answer of the witness, 1 Whar. Ev., § 559, p. 535. But, if the witness had been contradicted, it would only have shown his feeling in the matter, and no intelligent juror would have doubted that the father was prejudiced against the slayer of his son. If error, it was not such as demands a reversal of the case. It was competent to show in the rebuttal that the pistol deceased had at the time of the difficulty had but two loads in it. It tended to disprove the theory of the defence that deceased fired two or three shots before defendant shot him. The court properly instructed the jury to disregard the testimony of the witness, Rice, as to the statement of John Grimes, that "there would be hell raised over this yet." It was not the language of the deceased, William Grimes, and was properly withdrawn from the consideration of the jury.

NORTON, J. — At the February term, 1879, of the Newton county circuit court defendant was indicted for murder in the first degree for killing one William Grimes on the 4th of November, 1878. At the August term, 1879, of said court, he was tried and convicted of murder in the second degree, and on his appeal to this court from that judgment, it was reversed and the cause remanded. The case is reported in 71 Mo. 436. At the February term, 1881, of said court, defendant was again put upon trial for murder in the second degree and found guilty, and his punishment assessed at ten years' imprisonment in the penitentiary, from which judgment he again appeals to this court. On the retrial of the cause the facts disclosed by the evidence substantially agree with the statement made of them in the opinion delivered when the case was here before and for that reason it is unnecessary to repeat them here. On the retrial of the cause the court, as is shown by the instruc-

tions given, tried it upon the theory indicated in the opinion, and we shall confine ourselves to such objections as were made during the progress of the trial.

Mrs. Grimes, the mother of deceased, who was the only person present when the homicide was committed, was examined as a witness, and on cross-examination counsel sought to impeach her by reading from her evidence as preserved in the bill of exceptions taken on the former trial. The court only allowed such part of the written evidence to be read as she denied having testified to on the former trial, and excluded such part of it as she admitted she had testified to on such trial. The action of the court in this respect is assigned for error, but we see no valid objection to it, inasmuch as the following authorities state the rule to be "that only upon denial, direct or qualified, by the witness, that such statements were made, can proof of them be offered." Starkie on Ev., p. 214; Wharton Cr. Ev., sec. 483; Taylor on Ev., sec. 1445.

On the cross-examination of Isaac A. Grimes, a witness for the state, he was asked if he did not, at a certain time and place, say in the presence of one McCaslin: "If we cannot pen Cooper for killing my son, we will pen him for something else;" to which he answered that he did not. Defendant then called McCaslin and offered to prove by him that Grimes did make said statement. The court refused to admit this testimony, to which defendant excepted. It is said in section 559, 1 Wharton on Evidence: "In order to avoid an interminable multiplication of issues, it is a settled rule of practice, that when a witness is cross-examined on a matter collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party putting the question. 'The test of whether a fact inquired of in cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case, tending to establish his plea?' This limitation, however, only applies to answers on cross-examination. It does not affect

answers to the examination in chief." While this is said, it is also laid down by the same author, in section 561, that: "It has been held that a witness may be asked whether he has not a strong bias or interest in the case, and if he denies such interest or bias, that he may be contradicted by evidence of his own statements, or of other implicatory acts. * * * It is true that we have cases disputing this conclusion; but it is hard to see how evidence which goes to the root of a witness's impartiality can be regarded as collateral to the issue." Under this authority we must hold that the court erred in rejecting the evidence offered.

But when we consider that the object of the rejected evidence was to show that the witness was prejudiced against and unfriendly to defendant, in connection with the fact that he was the father of the deceased, which established the relation he bore to the accused and deceased, and in connection with the further fact that two juries had passed on the case with the same result, and substantially upon the same evidence, we are unwilling to say that the error noted is sufficient to justify us in disturbing the verdict and judgment, especially so in view of the fact that another person, and the only one who witnessed the homicide testified to the facts and circumstances attending, fully warranting the verdict.

After the evidence was closed for the defence, the court permitted Mrs. Palmer, a witness called by the state, to testify over defendant's objection to the fact that the pistol of deceased had but two loads in it. This evidence was in rebuttal, and tended to overthrow the theory sought to be established by defendant, that deceased first shot at defendant, and it was proper to receive it for that purpose. The instructions given, of which there were seven for the state and the like number for defendant, related to murder in the second degree, and the law of self-defence, and because of their conformity to repeated rulings of this court, it is unnecessary to make any further reference to them than to say,

notwithstanding the verbal criticisms made upon them by way of objection, they fairly presented to the jury the law governing the case.

It is insisted that error was committed in giving the seventh instruction in which the jury are told that "the statement of witness Rice, 'that John Grimes said there would be hell over this yet,' are excluded from their consideration." The above is not the language of the deceased and had nothing to do with the case so far as the record shows. The court refused three instructions asked by defendant, two of which, the fifteenth and seventeenth, were properly refused because they were embraced in other instructions given differing in phraseology, but not in substance. The sixteenth instruction was rightly refused because in conflict with the first one given for the state, in which the jury were told that malice means the intentional doing of a wrongful act without cause or excuse, and may be inferred from the fact of killing with a deadly weapon. *State v. Alexander*, 66 Mo. 158; *State v. Holme*, 54 Mo. 153. Perceiving no reversible error in the record, the judgment is affirmed, in which Judges Ray and Black concur. Henry, C. J., and Sherwood, J., dissent.