State vs. Gessner.

## No. 10,936.

### THE STATE OF LOUISIANA VS. J. F. GESSNER.

It is not necessary to lay the foundations for the introduction of evidence to contradict statements of the accused which form a part of the *res gestæ.*

When a person seeks entry into a house, representing himself to be a gas inspector, and steals from the premises after admission to the same, his declarations made at the time are part of the *res gestæ*, and it is not necessary to lay the foundation to contradict them.

APPEAL from the Criminal District Court for the Parish of Orleans. *Marr, J.*

*W. H. Rogers,* Attorney General, for the State, Appellee.

*James C. Walker* for Defendant and Appellant.

The opinion of the court was delivered by

MCENERY, J. The accused was indicted for larceny, and convicted and sentenced. He has appealed.

On the trial of the case two witnesses testified that the accused came to their father's house in the city of New Orleans, and represented himself as a " gas inspector, and wished to look at the gas."

He was accompanied through the house and was permitted to examine the gas fixtures and gas burners. Shortly after he left the house a gold watch and chain were missing from the bureau in one of the bedrooms.

The evidence against the accused was circumstantial. We have no jurisdiction of the facts in a criminal case, and will only consider them when they are incorporated in a bill of exceptions, and it becomes necessary to do so in order to pass intelligently upon the questions of law presented.

There may have been other circumstances which influenced the verdict of the jury than those disclosed in the testimony of the above witnesses. Therefore it is immaterial to determine whether the accused was convicted on circumstantial or direct evidence.

Victor Valois was sworn for the prosecution, and testified that the accused was not an inspector in the employ of the New Orleans Gas Company, and that he had never been so employed, and that he could not be a gas inspector of the New Orleans Gas Company unless he was appointed by the witness.

To this evidence the accused objected on the ground that it was irrelevant and inadmissible, for the reason that no foundation had been laid to warrant said evidence, beyond the testimony of the two witnesses who testified to the statements of the accused when he sought admission to the house. And the further objection was made to the evidence of the witness on the ground that the question whether the accused could or could not be a gas inspector unless appointed by the witness was purely in the province of the jury to determine.

The statement made by the accused when he entered the house was a part of the *res gestæ*. The testimony introduced, therefore, was not for the purpose of contradicting any independent declaration of the accused, made before or after the larceny, but of a fact stated by him, contemporaneous with the larceny. It is not necessary to lay the foundation for the introduction in evidence of any statement made by the accused at the time the offence was committed and so connected with it as to form a part of the *res gestæ*.

The statement by the witness that the accused could not have been

Tillotson vs. Railroad Co.

appointed a gas inspector of the New Orleans Gas Company without his consent, only corroborated his testimony that the accused had never been in the employ of the company.

Judgment affirmed.