STATE, RESPONDENT, *v.* RODGERS, APPELLANT.

(No. 2,721.)

(Submitted December 16, 1909.   Decided December 27, 1909.)

[106 Pac. 3.]

*Criminal Law—Burglary—Information—Sufficiency—Waiver—*
*Evidence—Admissibility—Cross-examination.*

Burglary—Information—Sufficiency.
1.  An information setting forth that defendant "did willfully, unlawfully, feloniously, intentionally and burglariously" enter a certain building "with intent in him * * * to commit larceny," was not open to the objection that it failed to allege that the building was one which he had no lawful right to enter.  The pleading sufficiently negatived the idea that he had such right.

Same—Information—Defects—Waiver.
2.  Defendant's failure to raise, by special demurrer, the question that an information charged two distinct offenses constituted a waiver of such objection.

Same—Escape—Evidence—Admissibility.
3.  Testimony that defendant, charged with burglary, attempted to escape from the officers after his arrest, was properly admitted.

Same—Evidence—Objection—When too Late.
4.  After a question had been answered, repeated and again answered, an objection to it was too late.

Same—Evidence—Answers—Form of—Harmless Error.
5.  Where a witness' answers, taken as a whole, were explicit and fully met the questions propounded to him by defendant's counsel on cross-examination, the court's action in permitting him to answer in his own way rather than by "yes" and "no," did not constitute reversible error, prejudice to accused not being apparent.

Same—Defendant's Cross-examination—Latitude.
6.  In a criminal prosecution, where defendant goes upon the witness-stand in his own behalf, and denies the commission of the offense, a very wide latitude is allowed in his cross-examination.

Same—Evidence—Cross-examination—Scope.
7.  The cross-examination of a witness may extend not only to all matters stated in his original examination, but to all others, either directly or indirectly connected with them, which tend to enlighten the jury upon the question at issue.

Same—Cross-examination—Nonprejudicial Error.
8.  Even though the court permitted defendant's witnesses to be asked questions on cross-examination which might more properly have been omitted, yet they having been directed to the movements of one jointly informed against with defendant, who had been granted a separate trial, and the evidence thus elicited not having tended in any wise to discredit defendant, he was not injured thereby, and will not be heard to insist that its admission was prejudicial error.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

PATRICK RODGERS was convicted of burglary, and appeals from the judgment and an order denying his motion for a new trial. Affirmed.

*Mr. J. H. Duffy* submitted a brief and argued the cause orally, in behalf of Appellant.

The information is bad for duplicity, it being alleged that the entry was with the intent "to commit grand and petit lar-- ceny." Under our statutes the information may charge the same offense in different forms under different counts, but this must be done in such a way as to show clearly upon the face of the information that the matters and things set forth in the different counts are descriptive of one and the same offense. (*Territory* v. *Poulier,* 8 Mont. 146, 19 Pac. 594; *People* v. *Garcia,* 58 Cal. 102; *People* v. *Thompson,* 28 Cal. 216.)

The general rule at present is, as it was at common law, that the ownership of the building entered must, if known, be stated in the information. (*People* v. *Rogers,* 81 Cal. 209, 22 Pac. 592; *People* v. *Henry,* 77 Cal. 445, 19 Pac. 830; *People* v. *Stewart,* 44 Mich. 484, 7 N. W. 71; *Graves* v. *State,* 63 Ala. 134; *State* v. *Hupp,* 31 W. Va. 355, 6 S. E. 919; *State* v. *Morrison,* 22 Iowa, 158; *Pells* v. *State,* 20 Fla. 774; *Commonwealth* v. *Perris,* 108 Mass. 1; *Wilson* v. *State,* 34 Ohio St. 199; *People* v. *Parker,* 91 Cal. 91, 27 Pac. 537.)

A person cannot be convicted of burglary for entering a building that he had a lawful right to enter. Hence the necessity of alleging and proving that the premises alleged to have been burglarized were owned by some one other than the defendant, at the time of the making of the alleged entrance therein. Burglary is an offense against the possession of some person other than the defendant, and this fact is not alleged in the information. (*People* v. *Rogers, supra; People* v. *Henry, supra;* 3 Ency. of Pl. & Pr. 757.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. L. Murphy,* Assistant Attorney General, filed a brief in behalf of the state.    Oral argument by *Mr. Murphy.*

Two offenses are not alleged in this information.  The crime of burglary alone is charged, and that is complete when the entry with larcenous intent is charged.  (*People* v. *Garrett,* 29 Cal. 628; *People* v. *Devlin,* 143 Cal. 128, 76 Pac. 901.)  As to the sufficiency of the allegation of ownership of the premises and property contained therein, see *State* v. *Mish,* 36 Mont. 168, 122 Am. St. Rep. 343, 92 Pac. 459.  If burglary consists of the unlawful entry, together with the intent to commit larceny, then when that is charged, the offense is complete, and the fact that the information goes further and charges the intent to commit both grand and petit larceny, and even if it went so far as to charge other felonies, there could be but one offense charged, namely, the offense of burglary.  (*People* v. *Goldworthy,* 130 Cal. 600, 62 Pac. 1074; *People* v. *Price,* 143 Cal. 351, 77 Pac. 73; *State* v. *Powell,* 61 Kan. 81, 58 Pac. 968; *State* v. *Copenhaver,* 35 Mont. 342, 89 Pac. 61; *People* v. *Hall,* 94 Cal. 595, 30 Pac. 7.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Patrick Rodgers, James Barrett, and Frank Rodgers were jointly accused of the crime of burglary, by an information filed in the district court of Silver Bow county, the charging part of which is as follows: "That at the county of Silver Bow, state of Montana, on or about the ninth day of November, A. D. 1908, and before the filing of this information, the said defendants, Patrick Rodgers, James Barrett and Frank Rodgers, did willfully, unlawfully, feloniously, intentionally and burglariously enter that certain store and building known as the store and building of Louis Dreibelbis and situated at No. 429 North Main street, in the city of Butte, in said county and state, with intent in them, the said defendants, Patrick Rodgers, James Barrett and Frank Rodgers, then and there and therein,

to commit grand and petit larceny.'' Upon arraignment Patrick Rodgers interposed a general demurrer to the information, and, this being overruled, a plea of not guilty was entered. He demanded and was granted a separate trial, was convicted, and has appealed from the judgment and from an order denying his motion for a new trial.

It is urged with great ability and commendable zeal that this information does not state facts sufficient to constitute a public offense; but every phase of that question now pressed upon our attention was fully presented with reference to an information in substantially the same language, in *State* v. *Mish*, 36 Mont. 168, 122 Am. St. Rep. 343, 92 Pac. 459, and, after a thorough investigation, the conclusion was reached that the information was sufficient, and it would be idle to restate the arguments in favor of the court's conclusion at this time. We decline to recede from the position taken in the *Mish Case*, and the decision then rendered is conclusive against the defendant on this appeal. (See, also, *State* v. *Rogers*, 31 Mont. 1, 77 Pac. 293; *People* v. *Price*, 143 Cal. 351, 77 Pac. 73.)

It is also urged that the information is defective in that it charges two distinct offenses: (a) An entrance with intent to commit grand larceny; and (b) an entrance with intent to commit petit larceny. But this objection, if meritorious—which we do not concede—was waived by the defendant. The Code has prescribed the method by which the question can be raised, in subdivision 3 of section 9200, Revised Codes, viz., by a special demurrer, and, failing to raise it in that manner, the defendant cannot upon the trial revive the right which his failure to demur specially waived, by objecting to the introduction of any evidence upon the ground that the information states more than one offense. That the failure to raise the question by special demurrer is a waiver of his right to insist upon it is determined by section 9208, Revised Codes, and *State* v. *Mahoney*, 24 Mont. 281, 61 Pac. 647.

Exception is taken to the action of the trial court in permitting a witness for the state to testify that the defendant attempted to get away from the officers at the police station.

The evidence was clearly admissible; but the objection was not made until after the question had been answered, repeated, and again answered. In *State* v. *Rhys, ante,* p. 131, 105 Pac. 494—we considered this same matter, and said: "Counsel cannot sit by until a question has been answered, and then, if he deems the answer inimical to his client's interest, object to it. Of course, if it appeared that the answer had been made before counsel had an opportunity to object, he could not be held to have waived his right to object. But there is not any showing made here that such was the case, and under the rule this objection came too late. (*Poindexter & Orr L. S. Co.* v. *Oregon Short Line R. Co.,* 33 Mont. 338, 83 Pac. 886; *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33.)"

Exception is also taken to the refusal of the trial court to compel the witness George Dreibelbis to answer yes or no to the following question propounded by counsel for the defendant on cross-examination: "Now, you say your purpose in going to the city hall was to see the man you had the trouble with in the drug store, was it? Did you have any other purpose?" The witness answered: "I went to see the man, to see that he was safely landed where he would be when he was wanted. My only purpose in going to the city hall was to see that he was safely landed." The witness was further questioned at considerable length regarding his trip to the city hall and to the county jail on the night the offense was committed, and there is not any complaint made that his answers, taken as a whole, were not explicit, or that they did not fully meet the questions propounded. Under these circumstances we do not think the court erred in permitting this witness to answer in his own way, rather than by yes or no. In any event, we fail to see how the defendant could have been prejudiced by the court's ruling.

There are some fifty specifications of error directed to the action of the trial court in permitting certain cross-examination of the defendant and his witnesses. In *State* v. *Rogers,* above, this court announced the rule that, when a defendant goes upon the witness-stand in his own behalf and denies the commission of the crime with which he is charged, a very wide latitude of

cross-examination is allowed; and we do not find that the cross-examination of the defendant in this instance violated any of his rights. Of course, it is not true that the cross-examination of a witness can be extended to the same limit that the direct examination of another witness might be, unless the particular circumstances warrant it; in other words, a party has no right to cross-examine any witness except as to the facts and circumstances connected with the matter stated in his direct examination. But, with that limitation in view, this court, in *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50, said: "The right of cross-examination extends not only to all facts stated by the witness in his original examination, but to all other facts connected with them, whether directly or indirectly, which tends to enlighten the jury upon the question in controversy, and this right should not be restricted unduly." While great latitude was allowed in the cross-examination of defendant's witnesses, and some questions were asked which might have been omitted with propriety, yet the inquiry was directed to the movements of James Barrett and his relations to the defendant, and, since the evidence as a whole did not tend to discredit the defendant in any manner, he cannot insist that he was injured thereby.

We have examined every specification of error assigned, but deem it unnecessary to consider them separately; indeed, counsel for appellant does not do so in his brief. It is sufficient to say that upon the assignments made we fail to find reversible error.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.