## STATE, RESPONDENT, *v.* BARRETT, APPELLANT.

### (No. 2,994.)

(Submitted September 19, 1911. Decided September 27, 1911.)

[117 Pac. 895.]

*Criminal Law — Burglary — Evidence—Cross-examination—Extent—Harmless Error—Trial—Objections, When Too Late— County Attorneys—Misconduct—Alibi—Rebuttal.*

Criminal Law—Extent of Proper Cross-examination.
 1.  Cross-examination may extend not only to all matters stated in the witness' original examination, but to all others, either directly or indirectly connected with them, which tend to enlighten the jury upon the question at issue.

Same—Trial—Objections—When Too Late.
 2.  An objection made to a question after it had been answered was too late to avail appellant.

Same—Cross-examination—Harmless Error.
 3.  Action of the court in permitting a witness for defendant, on trial for crime, to answer certain questions on cross-examination over objection, if error, *held* to have been harmless.

Same—Trial—County Attorneys—What not Misconduct.
 4.  The mere asking of questions of defendant's witnesses, objections to which were sustained, did not constitute such misconduct on the part of the prosecuting attorney as to warrant the granting of a new trial, where the record failed to disclose that he thereafter persisted in so doing knowing that the questions were improper.

Same—Curing Error.
 5.  If error was properly predicable upon the mere asking of the questions referred to in paragraph 4, above, it was cured by the court's admonition to the jury to disregard them.

Same—Defenses—*Alibi*—Proper Rebuttal.
 6.  Defendant and his witnesses having testified, in support of an *alibi* relied upon by him as a defense, that he was at a certain place the entire evening on which the alleged crime was committed, it was proper rebuttal for the state to show that he was seen elsewhere on the same evening.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

JAMES BARRETT was convicted of burglary, and appeals from the judgment and an order denying him a new trial.

Cause submitted on briefs of counsel.

*Mr. J. H. Duffy,* for Appellant.

*Mr. Albert J. Galen,* and *Mr. J. A. Poore,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

James Barrett was convicted of burglary and appeals from the judgment and from an order denying his motion for a new trial. The specifications of error relate to the admission of evidence and the alleged misconduct of the prosecuting officers.

1. Complaint is made of certain questions asked the defendant and his witnesses on cross-examination. It would not serve any useful purpose to treat these specifications in detail. The evidence sought to be elicited by the questions to which the objections [1] were made was well within the rule of cross-examination as defined in *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50, and *State* v. *Rodgers,* 40 Mont. 248, 106 Pac. 3.

2. Mrs. Louis Eakley, a witness for the defendant, was asked [2] a question on cross-examination. After she answered, an objection was made to the question, but the objection came too late. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70, and cases cited.)

3. Louis Eakley, a witness for the defendant, was asked on cross-examination why he ordered the defendant from his home sometime prior to the date upon which the alleged crime was committed, and again asked if he had had any misunderstanding with his wife as to the testimony he should give upon the trial of this case. It is not always possible for the trial judge to determine from a given question whether the evidence solicited is or is not material. The witness answered the first question [3] that he had had trouble with the defendant, and the last question he answered, "No." Neither subject was pursued by the county attorney; and while in the light of the answers made, the objection to each question might have been sustained, there was not any motion made to strike out either answer, and the errors, if errors, were harmless. It seems to us impossible that any prejudice could have resulted to the defendant by reason of

the questions or answers. The rule that, "error appearing, prejudice will be presumed" has not been in effect in this state for many years.

4. To Herbert Bray, a witness for the defendant, the county attorney propounded two questions. To each an objection was made and sustained, and in each instance the trial judge admonished the jury not to give any heed to the questions asked; but notwithstanding this admonition it is now insisted that the county attorney was guilty of misconduct in asking the questions.
[4] It will not do to convict an attorney of misconduct for asking questions which the trial or appellate court may determine to be improper. It is possible, of course, for an attorney to ask questions which he must know are improper and to persist to such an extent as to constitute misconduct within the meaning of the statute (*State* v. *Trueman,* 34 Mont. 249, 85 Pac. 1024); but this record fails to disclose any such course of conduct on the part of the prosecuting officer in the trial of this case, while the
[5] admonition of the trial court to the jury must be held to be sufficient to cure any error which might be predicated upon the mere asking of these questions.

5. The state made out its *prima facie* case and rested. The
[6] defense relied upon was an *alibi.* The defendant and his witnesses maintained that the defendant was at the house of his sister, Mrs. Eakley, during the entire evening and night of November 9, the time when the crime is alleged to have been committed. The state then called a witness, Law, and asked him if he had seen the defendant on the night of November 9, and, if so, where and at what time he had seen him. The witness answered that he saw the defendant between 9:30 and 10 o'clock on the night of November 9, on Wyoming street. It is insisted that this was not rebuttal testimony but a part of the state's case in chief; but with this we do not agree. Under a plea of not guilty it was impossible for the state to anticipate what particular defense or defenses would be interposed, and the defendant and his witnesses having testified that the defendant spent the entire evening at his sister's home on North Franklin street, it was

proper rebuttal for the state to show that the defendant was seen elsewhere on the same evening. (*People* v. *Page,* 1 Idaho, 189; *State* v. *Lewis,* 69 Mo. 92; *State* v. *Cooper,* 83 Mo. 698; 12 Cyc. 557.)

We do not find any reversible error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.