STATE, Respondent, *v.* CLARK et al., Appellants.

(No. 7,539.)

(Submitted May 20, 1936.  Decided June 2, 1936.)

[58 Pac. (2d) 276.]

434

*Mr. Frank E. Blair* and *Mr. M. J. Doepker,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. Oscar A. Provost,* Assistant Attorney General, *Mr. Walter H. Bolkovatz,* Special Assistant Attorney General, and *Mr. Robert H. Allen,* County Attorney of Madison County, for the State, submitted a brief; *Mr. Bolkovatz* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

By information filed in the district court of Madison county the defendants, seven in number, were charged with the offense of gambling. The trial resulted in separate verdicts of guilty. Judgments of conviction were subsequently entered on these verdicts. Motions for a new trial on behalf of four of the defendants were made, heard, and denied. The same defendants have appealed to this court from the judgments and order denying their motions for a new trial.

The evidence disclosed that the sheriff, undersheriff and county attorney visited a beer parlor conducted in the town of Ennis by Vic Clark about midnight of September 14, 1935. The seven defendants were seated around a table playing stud poker at the time of the arrival of the officers. They continued the game until it was broken up by the sheriff. The sheriff and undersheriff testified as witnesses. The defendants offered no testimony. It was testified that at the time of the arrival of the officers the door to the beer hall was open and the windows were neither frosted nor curtained. All of the defendants were residents of Ennis or its vicinity, except two. The sheriff had been a resident of that community prior to his election to office, and was known to the players except the two nonresidents. No money was found on the table by the officers. The players were using chips or counters, and the witnesses testified they saw no chips sold or exchanged for money or anything of value. After the sheriff entered the building, he said

of the game: "I saw some of the men place chips in the center of the table. I saw Tom Greene do that for one. * * * When Tom Greene placed his chip in the center of the table he said, 'I will bet a dollar.' * * * He put a red chip on the table. As Mr. Greene made this remark and put his chip on the table Ed Clark nudged him, as I would call it, and said, 'Shut up, the sheriff is right behind you.' " He further testified that on another deal Mr. B. O. Evans said: " 'I will bet a dollar and a quarter,' and with that he put a red chip and five white chips into the center of the table." Again he testified: "After we told them they would have to stop playing, I believe it was at that time that Mr. Greene started to count his chips. After Mr. Greene got through counting his chips he said, 'I am loser a dollar.' "

The defendants have assigned error upon the rulings of the trial court in admitting certain testimony over objection, in refusing certain offered instructions, and it is also argued that the evidence is insufficient to support the verdicts of guilty.

The sheriff testified without any objection, after naming the defendants and stating their respective positions around the table in the beer parlor, that those men were playing stud poker—"I watched the game." Further inquiry was made as to the manner in which they were playing. Objections were made upon the ground that the question called for a conclusion and that no proper foundation had been laid; all of the objections were overruled, and thereupon the sheriff was interrogated again as to what he saw the men doing at the time in question in the beer parlor, to which he responded that they were playing stud poker. A motion was made to strike this answer as not responsive and as having been made without permitting counsel for the defendants to interpose an objection. This motion was denied. These various rulings are assigned as error.

Nothing was elicited by these various questions which had not already been testified to by the sheriff without any objection on the part of counsel for the defendants. No motion was

ever made to strike the first answer. Certainly an objection which is made after the witness has answered comes too late unless counsel has not been afforded an opportunity to object. (*State* v. *Rodgers,* 40 Mont. 248, 106 Pac. 3; *State* v. *Barrett,* 43 Mont. 502, 117 Pac. 895.) No such showing was made in this case as to the first question and answer. If the trial court had sustained each of these objections and had granted the motion to strike the particular answer complained of, there would still have been in the record the positive testimony of the sheriff that the defendants were playing stud poker. The contention is without merit.

It is argued that the court was in error in refusing to give ▮ defendants' offered instruction No. 1. The substance of this instruction was that, even though the jury believed beyond a reasonable doubt that the defendants were playing stud poker at the time charged, before the jury might convict they must find from the evidence beyond a reasonable doubt that the game was played for money or other thing of value. The court by its instruction No. 6 told the jury that the use of playing cards and chips was not sufficient to convict the defendants of the crime of gambling, and by 6A that they must find beyond a reasonable doubt that the game being played was for money or other representatives of value. Its instruction sufficiently covered the subject, and counsel's contention that they were merely abstract statements of the law cannot be sustained.

Error is assigned upon the refusal of the trial court to give ▮ defendants' offered instruction No. 4, which is an attempt to define "moral certainty." By its instruction No. 4 the court defined that term in the language of the statute. (Sec. 10491, Rev. Codes 1921.) It is urged by counsel for the defendants that the offered instruction was an application of the statute to the facts in the case, and that the instruction given was improper because it was an abstract statement of law. The defendants' instruction, while couched in different language, was not applied to the facts, and, in any event, the rule against the use of abstract statements of law in instruc-

tions ordinarily does not apply where the trial court is giving instructions defining the meaning of words and phrases.

It is contended that the court was in error in refusing defendants' offered instruction No. 5, which related to proving a case by circumstantial evidence. By its instruction No. 8 we think the court fully and correctly instructed the jury on the subject.

It is urged that the evidence was insufficient to support the ██ verdicts of guilty, in that the *corpus delicti* was not proved sufficiently, independently of the admissions and confessions made by the defendants, in accordance with the rule in *State* v. *Dixson,* 80 Mont. 181, 260 Pac. 138. The rule of law is sound, but without application here. The statements which it is urged amounted to a confession are those to which the sheriff testified as having been made during the progress of the game which was the basis of this prosecution. A confession or an admission is a narration of a past event or transaction. (*State* v. *Stevens,* 60 Mont. 390, 199 Pac. 256.) Counsel concede that these statements were a part of the *res gestae.* As applied to this rule, any statements made by a party which are a part of the *res gestae* are neither admissions nor confessions.

Lastly, it is contended that there was no proof showing that █ the chips or counters used by the defendants represented money or other thing of value. Reliance is placed upon the rule frequently announced by this court that, where a conviction is sought upon circumstantial evidence, all the circumstances proved must be consistent with each other and with the hypothesis that the accused is guilty, and at the same time inconsistent with any other hypothesis. (*State* v. *McWilliams* (ante, p. 313), 57 Pac. (2d) 788, and cases there cited.) It is argued that, for all that appears from the evidence, these chips may have represented nothing of value whatever equally as well as to have represented money. The statements of the players that they had bet certain sums, and of another that he had lost a certain sum, are consistent with the hypothesis that the chips had a value in money and inconsistent with the

438

hypothesis that they represented nothing of value. Convictions for gambling have been upheld on circumstantial evidence no stronger than that which here appears, in the cases of *State* v. *Hayes,* 154 Mo. App. 588, 136 S. W. 8, and *State* v. *Greene,* (Mo. App.) 189 S. W. 1195.

We find no error in the record. Accordingly the judgments and orders are affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the arguments and takes no part in the foregoing decision.