SANDERS, Justice.
 

 As a result of the work of police undercover agents, the State charged Stephen Clarence Fink with the sale of marijuana on January 20, 1968. After trial, the jury returned a verdict of guilty. The trial judge sentenced him to a term of five years in the Louisiana State Penitentiary.
 
 *390
 
 He has appealed to this Court, relying upon seven bills of' exceptions.
 

 BILL OF EXCEPTIONS NO. 1
 

 In his opening statement to the jury, the District Attorney stated that the State would show that two officers of the New Orleans Police Department contacted Fink at the Intellect Club in New Orleans and, after negotiating with him, bought marijuana. Later defendant moved for a mistrial, contending that the conversation was an inculpatory statement and could not be used in evidence without prior written notice as required by Article 768 of the Louisiana Code of Criminal Procedure and advance warning of constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A. L.R.3d 974 (1966).
 

 Article 768 provides:
 

 “If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.”
 

 In the conversation objected to, the officers made arrangements to purchase marijuana from the defendant. The out-of-court utterances were incident to the criminal conduct and formed part of the res gestae. As such, the conversation was admissible in evidence. LSA-R.S. 15:448; State v. Fernandez, 157 La. 149, 102 So. 186; State v. Terry, 128 La. 680, 55 So. 15; State v. Gessner, 44 La.Ann. 93, 10 So. 404.
 

 As used in Article 768, the term
 
 inculpatory statement
 
 refers to the out-of-court admission of incriminating facts made by a defendant after the crime has been committed. It relates to past events. See State v. Clark, 102 Mont. 432, 58 P.2d 276; 23 C.J.S. Criminal Law § 816, p. 151. Thus the article has no application to the conversation resulting in the sale of marijuana in the present case.
 

 The holding in Miranda v. Arizona) requiring a fourfold warning of rights, is likewise inapplicable. It applies only to Statements stemming from custodial inter•rogation of the defendant.
 

 We conclude the Bill of Exceptions lacks merit.
 

 BILL OF EXCEPTIONS NO. 2
 

 The defendant reserved Bill of Exceptions No. 2 after the trial judge refused lo allow defense counsel to ask John Koch) Director of the New Orleans Crime Laboratory, whether in his opinion marijuana is a narcotic drug.
 

 The ruling of the trial judge was .correct. LSA-R.S. 40:962 prohibits the sale of any narcotic drug. LSA-R.S.
 
 *392
 
 40:961(19) defines
 
 narcotic drugs
 
 so as to include marijuana. The Legislature itself has classified marijuana as a narcotic drug. Thus, as a matter of law, it is a narcotic drug. Since the jury is bound to accept the law from the trial judge, the evidence offered was inadmissible.
 

 BILL OF EXCEPTIONS NO. 3
 

 Before offering the testimony of John Koch, Director of New Orleans Crime Laboratory, -as an expert in the identification of.narcotics, the State questioned him concerning his qualifications and then tendered him to defense counsel for examination. Without cross-examination, defense counsel stipulated that he was an expert in the identification of narcotic drugs. Thereafter, the witness identified a substance offered in evidence as marijuana. During cross-examination, defense counsel sought to question the witness as to whether marijuana was a narcotic drug. As related under Bill of Exceptions No. 2, the trial judge ruled that the question was improper. Whereupon, defense counsel sought to withdraw his stipulation that the witness was a qualified expert. The trial judge refused to allow defense counsel to withdraw the stipulation, but also stated that the testimony offered was sufficient to qualify him without the stipulation. Defense counsel then reserved Bill of Exceptions No. 3.
 

 The competency of an expert witness is a question of fact. In passing upon the qualifications of such a witness, the trial judge has wide discretion. On appeal, his ruling will not be disturbed in the absence of manifest error. State v. Alexander, 252 La. 564, 211 So.2d 650 (1968) and the authorities cited.
 

 Defense counsel’s request to withdraw the stipulation came after the trial judge had accepted the witness as an expert, based upon the testimony describing his qualifications and the defense stipulation, and after he had testified on direct examination before the jury. The trial judge, in our opinion, correctly ruled that the competence of the witness could not be reopened.
 

 BILL OF EXCEPTIONS NO. 4
 

 In Bill of Exceptions No. 4, defendant alleges the trial judge committed error by “directly or indirectly and inferentially” informing the jury that defense counsel would be held in contempt of court at the conclusion of the trial. The Bill obviously refers to a colloquy between the trial judge and defense counsel during the trial.
 

 The defendant reserved no bill of exceptions to the colloquy at the time it occurred. He reserved the Bill for the first time after the trial had been concluded.
 

 Article 841 of the Louisiana Code of Criminal Procedure provides:
 

 
 *394
 
 “An irregularity or error in the proceedings cannot he availed of after verdict unless it is objected to at the timé of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling. * * *”
 

 Hence, the Bill of Exceptions raises no question for review.
 

 BILL OF EXCEPTIONS NO. 5
 

 In this Bill, defendant objects to the trial judge’s charge to the jury. The trial judge fully and correctly answers the bill in his
 
 Per Curiam:
 

 “The substance of this Bill is that I charged the jury on the crime of possession of narcotics rather than the crime for which he was on trial, that of sale of narcotics. During my charge to the jury and when I reached my regular charge on narcotics I began to read the definition, under our law, of the term ‘possession.’ However, after reading two sentences I realized that this defendant was on trial for the crime of sale and instructed the jury that the defendant was not charged with having possessed but with having sold a narcotic drug, to wit, marijuana to another person, and went on to say that the State must prove beyond a reasonable doubt that the defendant willfully and unlawfully sold marijuana to another person. And then went on to define the crime of attempt sale, which is responsive. At the end of my charge defense counsel stated that he objected to my charging the jury on [posséssion of] narcotics. I then stated that I had instructed the jury that the defendant is not charged with the crime of possession but that he is charged with the crime of unlawful sale of narcotics and then went on to tell them that anything to the contrary is not applicable in this case and reiterated that I had told them that he was charged with unlawful sale of narcotics.
 

 “Counsel then stated for the record, ‘Thank you, your Honor.’ He did not reserve any Bill of Exceptions at that time, and, I feel, that I had, both during the charge and at the end of the charge, clarified the matter in the jury’s mind that the defendant was on trial for the crime of sale of narcotics and had instructed them on two different occasions that he was not charged with possession. I failed to see how the above prejudiced the defendant in any way since the jury was clearly instructed that the defendant was charged with the crime of sale of marijuana and not possession.”
 

 BILL OF EXCEPTIONS NO. 6
 

 The defendant reserved Bill of Exceptions No. 6 to the overruling of his motion
 
 *396
 
 for a bill of particulars. In the motion, the defendant sought seventeen items of information concerning the crime charged, including (1) the name of the buyer (2) the type and quantity of narcotic drug sold (3) the price (4) whether the buyer was a member of the Police Department (5) whether the buyer had a past criminal record (6) names of all witnesses to the crime (7) exact time of the sale (8) whether defendant made any other sales. In its answer to the motion, the State identified the purchasers as police officers Jerry Faulkner and Frank Ben; it identified the narcotic drug as marijuana; and it advised that the approximate time of the sale was 12:55 a. m. The State declined to furnish the remaining information requested because it would disclose the State’s evidence before trial.
 

 The particulars furnished by the State were sufficient. See LSA-C.Cr.P. Art. 484. The remainder of the motion was designed to secure a full disclosure of the State’s evidence against the defendant. As we have often held, full pre-trial discovery is unavailable in criminal proceedings. Except for written and video-taped confessions, the State’s evidence is privileged. State v. Clack, 254 La. 61, 222 So. 2d 857; State v. Crook, 253 La. 961, 221 So.2d 473; State v. Hall, 253 La. 425, 218 So.2d 320; State v. Hunter, 250 La. 295, 195 So.2d 273; State v. Pailet, 246 La. 483, 165 So.2d 294.
 

 BILL OF EXCEPTIONS NO. 7
 

 Defendant reserved this Bill to the overruling of a motion and supplemental motion for a new trial. In addition to reurging the objections raised in previous Bills of Exceptions, already considered, the motions allege the following errors : (1) Failure of the trial judge to charge the jury as to the defense of entrapment; (2) Failure of the jury to return a unanimous verdict, the vote being 10 to 2 for conviction; (3) Refusal of the trial judge to permit defense counsel to include in his argument to the jury that the minimum sentence was a term of 5 years in the penitentiary without benefit of suspension of sentence, probation, or parole.
 

 The defendant submitted no special written charge dealing with entrapment. See LSA-C.Cr.P. Art. 807. Nor did he object to the court’s general charge. The failure of the judge to give a special charge as to entrapment was raised in the motion for a new trial. Such an objection must be made at the time the general charge is given, so that the trial judge will have an opportunity to change, explain, or correct the charge. When raised for the first time in a motion for a new trial, the objection comes too late. LSA-C.Cr.P. Art. 841; State v. Washington, 225 La. 1021, 74 So.2d 200; State v. Hill, 122 La. 711, 48 So. 160.
 

 A unanimous jury is not required for a conviction of an offense, such as the
 
 *398
 
 present one, necessarily punishable at hard labor. The Louisiana Constitution (Art. 7, Sect. 41) and the Code of Criminal Procedure (Art. 782) provide that the concurrence of 9 of the 12 jurors is sufficient for a verdict.
 

 In this Court, defendant contends that the decision of the United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) has invalidated the above provisions and due process now requires a unanimous verdict. Recently, in State v. Schoonover, 252 La. 311, 211 So.2d 273, this Court rejected an identical contention.
 

 Finally, the defendant- complains of the refusal of the trial judge to permit him to discuss the nature and severity of the minimum sentence in his closing argument to the jury. Specifically, he urges that the trial judge should have allowed him to inform the jury that the minimum sentence was five years in the penitentiary without benefit of suspension of sentence, probation, or parole.
 

 The defendant raised this objection for the first time in his motion for a new trial. Insofar as the record shows, no bill of exceptions was reserved at the time of the ruling. Hence, under Article 841 of the Lottisiana Code of Criminal Procedure, the objection was waived.
 

 . For the reasons .assigned, the conviction and sentence are affirmed. ;