SANDERS, Chief Justice
(dissenting).
The question presented is whether tape-recorded telephone conversations of the defendant in the planning and execution of a bribery scheme are confessions or inculpa-tory statements within the Louisiana discovery rule. I think not.
*420 As used in the notice and discovery rules, the term “inculpatory statement” takes color from the word confession. A confession is a full acknowledgment of guilt of a crime that has been committed. Inculpatory statement is a broader term. It includes confessions, but it also includes admissions of the facts of a crime already committed that fall short of a full acknowledgment of guilt. See State v. Johnson, 263 La. 462, 268 So.2d 620 (1972); State v. Fink, 255 La. 385, 231 So.2d 360 (1970); Pugh, Louisiana Evidence Law, pp. 328-392 (1974); 23 C.J.S., Criminal Law, § 816, pp. 150-155.
In the present case, the disputed item was nothing more than a sound recording of defendant’s conversations in the planning and execution of the continuing offense of bribery. The recording does not partake of the nature of a confession. In reality, the conversations were incidents of the criminal activity and formed part of the res gestae. Hence, they were not subject to pre-trial discovery as a confession or inculpatory statement. See State v. Fink, supra; State v. Rutledge, 259 La. 544, 250 So.2d 734 (1971); State v. Williams, 211 La. 782, 30 So.2d 834 (1947).
In dealing with a defendant’s conversation at the time of the commission of the crime in State v. Rutledge, supra, this Court stated:
“The inculpatory statement comtem-plated by Article 768 ‘refers to the out-of-court admission of incriminating facts made by a defendant after the crime has been committed. It relates to past events.’ State v. Fink, 255 La. 385, 231 So.2d 360 (1970).
These out-of-court utterances of Rutledge were incidents of the criminal act and therefore formed part of the res gestae admissible in evidence under the explicit provisions of Section 448 of Title 15 of the Revised Statutes.”
In disposing of a similar question in State v. Williams, supra, this Court stated:
“There is no merit to this complaint. The record shows that in answer to the prayer for oyer the state, through its attorney, declared it had no admissions or confessions made by the defendant in -its possession and no such evidence was used or attempted to be used during the trial of the case. While certain statements of the defendant with reference to his acts in connection with the alleged crime with which he was charged were offered in evidence during the course of the trial, these were neither admissions nor confessions. They were, instead, a part of the defendant’s very acts upon which the charge against him was based and it is the jurisprudence of this state that an accused is not entitled to have the state furnish him, prior to trial, with the evidence upon which it intends to rely for his conviction. This includes evidence that has been reduced to writing by the prosecuting attorney for his convenience.”
In my opinion, the majority decision represents a departure from the established jurisprudence.
For the reasons assigned, I respectfully dissent.