306 So.2d 695 (1975)
STATE of Louisiana
v.
Emanuel WELLS, a/k/a Emanuel Wells Calvin.
No. 55192.
Supreme Court of Louisiana.
January 20, 1975.
Numa V. Bertel, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, represented by court-appointed counsel, was tried and convicted by jury of the crime of simple burglary. The trial judge sentenced him to serve nine years in the custody of the Director of the Department of Corrections, with credit for time served. During the trial, defendant reserved one bill of exceptions upon which he relies for reversal of his conviction and sentence.
Defense counsel reserved this bill to a statement made by Willie Mae Frank, the victim of the burglary, during the course *696 of her testimony for the State. The witness testified as follows:
Q. Please tell the gentlemen of the jury what happened on November 6, 1972, and carry it over to November 7th.
A. Well, I came home from work, when I was coming up the stairs, my door was open. And Calvin was in my house, and all of my stuff was gone, mostly clothes was gone. And the TV, it was sitting by the door. And, when I came inside, he said "Oh, I didn't know this was your house." (Italics ours).
The defendant objected to the italicized portion of the above testimony on the ground that it was an inculpatory statement, and, according to law, the State is required to inform the defendant of its intent to introduce inculpatory statements into evidence prior to trial.
Article 768 of the Louisiana Code of Criminal Procedure provides:
If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
We cannot agree that the testimony referred is an inculpatory statement within the meaning of the above article. It was a spontaneous utterance made by the defendant when detected in the commission of the crime.
The term "inculpatory statement" takes color from the word confession, with which it is associated. It refers to out-of-court admissions of incriminating facts made by the defendant after the crime has been committed. We have so held. State v. Johnson, 263 La. 462, 268 So.2d 620 (1972); State v. Fink, 255 La. 385, 231 So.2d 360 (1970); 31 La.L.Rev. 374-375. Defendant's statement in the present case was contemporaneous with the offense and constitutes part of the res gestae. See State v. Fink, supra. Hence, Article 768, requiring written notice, is inapplicable.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.