12 679|
e112 456|

## STATE v. JOHN JACKSON.

A party who excepts to the proceedings in a cause in which he is interested, must show in his bill all the facts, not otherwise of record, necessary to give the act complained of its erroneous complexion.

One accused of murder cannot show, as a justification, that the deceased bore the general character of a quarrelsome and vicious man. The effect of testimony, offered by the accused, that a previous quarrel existed between him and the deceased, would tend to aggravate rather than to mitigate the offence.

When the accused goes to trial without objection, it will be too late after conviction to urge, as error, that he had not been served with a copy of the indictment and a list of the jurors who were to try him.

If an imperfect copy of an indictment be served upon the accused, and he consent to go to trial, without insisting upon a perfect copy and the delay accorded to him by law, it will be too late to to make the objection after conviction.

In the absence of a bill of exceptions, it will be presumed, that the accused accepted the jurors who tried his case, and it will be too late to object after verdict.

APPEAL from the District Court of St. Martin, *A. Voorhies*, J.

*M. Mouton*, District Attorney, for the State. *E. Simon, Jr.*, and *Deblanc & Fuselier*, for defendant and appellant.

MERRICK, C. J. The accused having been indicted for murder, on the trial was convicted of manslaughter. He has appealed.

The first question which he presents for our consideration, is one which he raises by the following bill of exception, viz:

" Be it known, that on the trial of this case, the defendant having offered evidence to the general character of the deceased as a quarrelsome and vicious man, and also that there had taken place a previous quarrel between the decease and the defendant. The court having sustained the objections of the District Attorney to the admissibility of this evidence, the defendant, by his counsel, took this bill of exceptions to the opinion of the court."

The party who excepts to the proceedings in a cause in which he is interested, must show in his bill all the facts not otherwise of record, necessary to give the act complained of its erroneous complexion.

The bill of exception, overlooking its contradictions, presents the simple question, whether the accused on a trial for murder, as a general rule, may show as a justification, that the deceased bore the general character of a quarrelsome and vicious man? It is not necessary to invoke authorities to show that the proof is inadmissible. The bill of exceptions also shows, that the court refused to allow the accused to prove a previous quarrel between the deceased and the defendant. The tendency of this last mentioned evidence, if admitted, would have been to aggravate the homicide and make that appear to be murder, which, under other circumstances, might perhaps be considered as manslaughter. Had the proof been offered by the State, for the purpose of showing a previous grudge and the malice aforethought, it might have been admissible. The prisoner certainly cannot complain that testimony unfavorable to his case has been excluded. Wharton Am. Crim. Law, p. 377; Ibid, 234–5; 5 Ann. 489.

It is further urged, that the accused was not served with a list of jurors who were to pass upon his trial, and with the indictment, two entire days before the trial.

STATE
v.
JACKSON.

The prisoner went to trial for all that appears, without making any objection on account of sufficient time not having elapsed between the service of the list of persons and copy of the indictment upon him, and the trial to enable him to prepare his defence and inform himself of the character of the jurors who were to decide upon his case. *Non constat*, but the cause was taken up for trial at the instance of the deceased. Cases may be imagined, as where there is danger of losing the testimony of a material witness, in which it would be of the greatest importance to the accused, that he should be able to demand an immediate trial. This being the case, it should be shown where this objection is insisted upon, that the accused did not consent to the trial.

On this subject, Mr. Justice Preston, in the case of the *State* v. *Price*, 8 An. 693, remarks : that " in the progress of a criminal trial, there are forms of law prescribed purely for benefit of the accused. He has the right to plead not guilty, but may waive it, and plead guilty. Of this class, is the right and privilege to a copy of his indictment and list of his jury, two entire days before the trial.

" These are entirely different from forms which are prescribed for the public good. The prisoner must be prosecuted by indictment in a capital case, and not otherwise. He must be arraigned publicly and cannot waive it by pleading privately. He must appear in person on trial, even if bailed, and not by attorney. For the certainty which should attend criminal prosecutions, for the public example and the happy effects of an open acquittal or conviction, these forms cannot be dispensed with. They are unlike those in which the public have no interest; which are purely personal to the prisoner; which, therefore, in our opinion, can be waived with his consent.

" The accused were, moreover, entitled to a speedy trial by a jury of the vicinage. If circumstances might delay this trial for a term, they might well waive part of the time allowed by law, for the examination of the qualifications of the jury, for the immediate enjoyment of the greater consitutional right to a speedy trial. They did so, after being properly counselled and wisely admonished by the Judge, of the consequences in case of their conviction, and we think, therefore, have no legal cause of complaint."

In the case of the *State* v. *Benjamin*, the court uses this language, viz :

"It is urged that there is error in the proceedings, because they do not show that a list of the jury which was to pass upon his trial, was served upon the prisoner two days before the trial. An order of court was made directing it. We find no objection made to going to trial; none by way of challenge; no application for a new trial or motion in arrest on this ground, and are bound to presume, therefore, that the list was served upon the prisoner, or that he waived that formality and was content, with the jury that tried him.

"In this respect, the case is entirely different from that of the *State* v. *Howell*, in which the objection was made when the prisoner was put on his trial. *There must be an essential defect in the prosecution and which could not be waived in the District Court, to induce this court to notice it, where the District Court did not pass upon it, because no objection was made at the proper time and place.*" 7 Ann. 48.

The copy of the indictment and the list of the jury were served upon the prisoner on the thirtieth day of May, and his trial took place the next day. In the absence of any bill of exception or other proceeding, showing a want of consent on the part of the prisoner, we are bound to presume, after verdict found, that the trial took place with his consent.

681

It is further objected, " that it does not appear that a true bill was returned against the accused by the Grand Jury, there being no endorsement thereof on the copy of indictment, which was served upon him."

The indictment has an endorsment upon it, " a true bill," which is signed by the foreman. If an imperfect copy was served, the objection appears to have been waived by the consent of the accused, to go to trial without insisting upon the service of a perfect copy, and the delay accorded him by law.

. It is further objected, "that the acused was tried by persons called during the progress of his trial, to serve as *talesmen*, when there is no law authorizing the selection and drawing of talesmen."

The jury appear to have been empannelled without objection on the part of the prisoner. He is, therefore, in the absence of any bill of exception, presumed to have accepted the jurors who tried ,the case, as they were tendered him. After having taken the chances of an acquittal with the jury empannelled on his trial, without objection on his part, he must abide the consequences of the verdict of such tribunal, although it has fallen out against him. 10 Ann. 743.

While the objections made do not amount to such error as requires the reversal of the judgment, yet we cannot forbear to remark that the proceedings do not appear from the record to have been conducted with that order and form which ought to characterize a prosecution so grave in its consequences.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.