PROVOSTY, J.
Priestly Jack, Fed Stewart, and Joe Gay were arrested on the 6th of March and lodged in jail. Eleven days later, on the 17th, an indictment was found against them. On that same day they were arraigned. Priestly Jack pleaded guilty; the other two not guilty; and their case was fixed for trial for the 22d. They did not ask for the appointment of counsel to defend them. Relatives of theirs seem to have taken an interest in securing counsel for them, for on the 11th counsel wrote to the district attorney from a neighboring parish to know about the status of the case, and for what day it would be fixed for trial, and the clerk of court answered the letter, informing counsel that the case was fixed for the 22d. On the night of the 21st the two accused employed other counsel. This other counsel, Mr. Rivarde, when the case was called up for trial on the 22d, moved for a continuance on the ground that he had been employed but the night before, and had not had time to prepare the defense. The court offered to reassign the case for the next day. The offer was refused, as not affording sufficient time. The court then offered to reassign the case for the second day thereafter. Counsel said he could not accept this, because his presence would be required in the Supreme Court on that day. The court then ordered the case to be proceeded with.
[1] No suggestion is made that the time was too short to have procured the attendance of the witnesses, or that the accused have suffered in any way, except that the time was too short in which their counsel could have prepared for their defense. We must adhere to the rule that continuances are largely within the discretion of the trial court.
[2] The indictment contains two counts, a *888 first count for burglary, and a second for larceny. During the trial discovery was made that the second count, instead of beginning, “And the grand jurors aforesaid upon their oaths aforesaid do further present” etc., according to the usual form, began, “And the district attorney further gives the court to understand and be informed,” etc. In other words, the second count began in the form usual in an information filed by the district attorney instead of in that of an indictment by the grand jury. The court ordered the words “district attorney” to be stricken out, and the words “grand jurors aforesaid” to be inserted in lieu thereof. To this change the accused reserved a bill. The court was of opinion that section 1047, Rev. Stat., authorizes such a change to be made, and in the per curiam cites State v. Curtis, 44 La. Ann. 321, 10 South. 784, as supporting that view. But the document amended in this Curtis Case was an information, not an indictment. No doubt, the district attorney, who has himself filed an information, may be allowed to amend it at any time in any mere matter of form, so long as the accused suffers no prejudice thereby.' But the same is not true of an indictment; which emanates, not from the district attorney, but from the grand jury. We do not think that a document in which the statement is made that the district attorney gives the court to understand and be informed can be construed into an indictment by the grand jury, even though presented in court by the grand jury; and, as each count stands apart as a separate indictment, a count which begins in that form is no better than an indictment beginning in that form would be. In the case of an indictment in that form the legal situation would be that no indictment had been presented; and for the same reason we think that the legal situation is that no count has been presented. To make the amendment in question would be in reality to present a count (or, in other words, an indictment) never presented by the grand jury. Bain Case, 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849.
The verdict was “guilty as charged”; that is, guilty on both counts; and the sentence was based upon the verdict, without any distinction being made between the two Counts.
[3] The indictment was valid as to the first count, and the verdict upon it was to that extent valid; there can therefore be no good reason why the case should not be remanded for sentence to be pronounced upon that count.
[4] In the course of his argument the district attorney said:
“We have no sworn testimony that Eed Stewart did not participate in that robbery. I say to you, gentlemen, that it is a fact that there is no sworn testimony, absolutely none, on behalf of the defense, as to where these two men were the night of the robbery.”
It is contended that by this the district attorney commented on the fact of the accused not having testified in their own behalf. Had counsel not suggested that idea,it would not have occurred to us, as the said remark is not of itself necessarily suggestive of it.
Judgment affirmed.