It is also held in the Succession of Heft, at page 471 of 163 La., 112 So. 302, that:

"A bequest of property to one legatee with the stipulation and on the condition that at his death and without any act of conveyance from him it shall belong to another legatee named in the will is a prohibited substitution. Marshall v. Pearce, 34 La. Ann. 561; Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Hunter, 159 La. 492, 105 So. 596.

"Fidei commissa and prohibited substitutions—forbidden by article 1520 of the Civil Code—are essentially different from the giving of the usufruct to one legatee and the ownership to another, which is expressly permitted by article 1522 of the Civil Code."

Our conclusion is that the last will and testament of D. F. Williams contains a prohibited substitution and is null and void. Rev. Civ. Code, art. 1520.

We do not find it necessary to pass upon the other issues raised in the attack made on the will.

Judgment affirmed.

O'NIELL, C. J., absent.

(125 So. 859)

No. 30384.

## STATE v. SYLISTAN.

Jan. 6, 1930.

H. W. Ayres, of Jonesboro, for appellant.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. The defendant was tried and convicted on an indictment for forging and uttering an order for $6 on the Southern Advance Bag & Paper Company, Inc. From the conviction and sentence imposed in consequence thereof, the present appeal was applied for and granted. The case was submitted without brief or argument on behalf of the state.

The defendant in the course of the trial reserved four bills of exception, setting up reversible error. We find one of these bills well founded, so that it becomes unnecessary to consider the others.

After the jury was sworn, the district attorney moved to amend the indictment, so as to show that the order alleged to be forged was for $4, and not for $6. The defendant objected to the amendment, on the ground that it constituted a material change in the indictment; the district attorney having admitted that there was such a document as described in the original charge, which document had been lost and could not be found. The trial judge overruled the objection and permitted the amendment to be made.

The change effected in the indictment by the amendment was a substantial one, and not

a mere formal one, as contemplated by Cr. Code, art. 364. The amendment was not offered and permitted for the purpose of correcting a misdescription of the document referred to in the indictment, but for the purpose of substituting another document therefor. As a result of the change in the indictment, the defendant was tried, convicted, and sentenced for forging and uttering an order for $4, an entirely different offense from the one for which he had been indicted, viz. forging and uttering an order for $6, which order, admittedly, had been lost and could not be found.

For the reasons assigned, the conviction and sentence appealed from are annulled, and it is now ordered that the defendant be discharged.