(136 So. 68)

STATE v. WILLIAMS.

No. 31272.

June 22, 1931.

George T. McSween, of Shreveport, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Robert F. Kennon, Dist. Atty., of Minden, for the State.

**BRUNOT, J.**

This appeal is from a conviction and sentence for unlawfully operating a banking game.

There are three bills of exception in the record. The first was reserved to the overruling of defendant's objection to an amendment of the information by the district attorney, after the trial of the case; the second to the overruling of a motion for a new trial; and, the third to the overruling of a motion in arrest of judgment.

The three bills are based upon substantially the same ground, and are so interrelated that they may be considered as one bill.

The defendant was prosecuted upon an information charging him with "unlawfully operating" a gambling game where chips representing money were bet and hazarded. He was arraigned, pleaded "not guilty," and was tried upon this charge. After the trial, but before the decision was rendered, the court permitted the district attorney, over the objection of counsel for defendant, to amend the information by inserting in the charge therein the word "banking," in lieu of the word "gambling." The defendant excepted to the overruling of his objection, and reserved a bill of exceptions thereto. The bill is as follows:

"Be it known and remembered that on the 26th day of March, 1931, after the State had closed its case and defendant had closed his defense, and after the defendant had produced his argument in form of a brief, the State through the district attorney came into Court and by oral motion moved to amend the indictment in the above numbered and styled cause by changing the word gambling to banking, whereupon the defendant timely objected for the reason that said change materially changed the indictment against your accused and was prejudicial to his interest. Defendant further objected in the alternative that if the amendment were allowed it would be necessary for his case to be set regularly for trial under the new indictment.

"Whereupon the Court overruled defendant's objection and he reserved this formal bill of exception and presents same to the Court for its signature and per curiam."

The court's per curiam to the bill is in the following words:

"The objection to the amendment was overruled on the authority of Section 253 Criminal Code."

The foregoing bill and court's per curiam were filed April 17, 1931, and on the same day the appeal herein was perfected. (Trans. pp. 12 and 23.) Ten days thereafter, the trial judge filed in the record the following:

"Per Curiam on appeal to the Supreme Court.

"Under a bill of information that the defendant did "unlawfully operate and keep a

gambling game where chips representing money were bet and hazarded, the State introduced witnesses who established to the Court's satisfaction that the defendant kept and operated a gambling game of the banking sort with specially prepared green table cover, with appropriate markings spread over the gambling table, and the house represented by the defendant calling all bets.

"After the trial the State offered to amend the bill of information, substituting the word "Banking" for the word "Gambling," and the Court allowed the amendment, being of the opinion that the language of the bill as originally filed was sufficient to charge the defendant with the offense of keeping and operating a game as denounced by Act 12 of 1870 and further that the State under Section 253 of the Criminal Code could properly offer the amendment even after trial. The court does not believe that the defendant was misled or prejudiced by the variance in respect to which the amendment was made, in view of the whole proceedings. The defendant asked for no continuance or re-opening of the case after the allowing of the amendment. The Court is making this statement to go up with the case in view of the brevity of the comments on the Bills of Exception."

It will be noted that the judge bases his ruling upon four grounds, viz.: That the original information sufficiently charged one of the offenses denounced by Act 12 of 1870; that an information may properly be amended after trial; that the defendant was not misled or prejudiced by the amendment; and, that defendant did not ask for a continuance after the amendment was allowed.

 If the Judge's reasons are sound, the judgment and sentence must be affirmed; otherwise they must be reversed. We approach the consideration of these reasons impressed with the fact that penal laws must be strictly construed; that, in Louisiana, all crimes are statutory, and the determination of what acts constitute crimes are purely legislative functions which cannot be delegated to, or exercised by, the judiciary.

The defendant was prosecuted upon an information charging him with a concededly reprehensible act; i. e., keeping and operating a gambling game. This specific act is not denounced by any statute of this state. He was, therefore, tried upon an information which did not charge him with the violation of any law of Louisiana, and, after his trial, the court permitted the information to be amended so as to charge him with the serious offense denounced by section 911 of the Revised Statutes, and without rearraignment or a hearing on the amended information, found him guilty of a violation of section 911, R. S., and sentenced him therefor.

Section 2 of Act 12 of 1870, which is section 911, R. S., is as follows:

"That whoever shall keep a banking game or banking house, at which money, or anything representing money, or any article of value shall be bet or hazarded, or shall aid or assist in keeping one, shall, on conviction, for the first offense, be fined not less than one thousand nor more than five thousand dollars; and on conviction of a second offense, not less than five thousand nor more than ten thousand dollars, and be imprisoned at hard labor for not less than one nor more than five years."

The repealing clause of Act 12 of 1870 is in the following words:

"Sec. 7. That all laws and parts of laws relating to gambling other than this law, be and the same are hereby repealed."

Since the passage of Act 12 of 1870, various acts have been passed relative to gambling with dice, gambling on streets or high-

ways, certain forms of betting on race tracks, bookmaking, keeping and operating gambling houses, etc.

██ All of these statutes prohibit some particularly designated form of gambling. Our attention has not been directed to any legislative enactment, and we have found none, prohibiting the specific act of keeping and operating a gambling game where money or the representative of money is bet or hazarded. As all criminal laws must be strictly construed, we are of the opinion that the original information herein did not charge the defendant with any offense known to the law, and that it was reversible error for the court, after the trial was closed, to permit the information to be amended so as to charge the defendant with an actual and serious offense, and, without any hearing whatever on the amended information, to convict and sentence him for that offense.

An indictment or information may be amended after trial, and, if amended for certain specified purposes, the trial may be proceeded with.

Article 253 of the Code of Criminal Procedure contains the following provision:

"The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or any variance with the evidence. If any amendment be made to the *substance* of the indictment or to cure a *variance between the indictment and the proof*, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been empanelled and to a reasonable continuance of the cause unless it shall *clearly appear from the whole proceedings*

that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury." (Italics by the court.)

We have found that the amended information charged the defendant with a serious offense; that he was tried upon an information that did not charge him with any offense known to the laws of this state; and, therefore, that it was prejudicial error to convict him of the offense charged in the amended information, without a hearing thereon.

██ This finding disposes of the trial judge's third reason for overruling defendant's objection to the amendment of the information.

With respect to defendant's failure to ask for a continuance after the amendment was allowed, we are of the opinion that by his alternative objection to the amendment, and his reservation of a bill to the court's ruling thereon, he has fully preserved his rights in anticipation of the court's ruling rather than after it, and by his formal motion for a new trial, and the reservation of a bill of exceptions to the overruling of that motion, he has complied with the last provision of article 253 of the Code of Criminal Procedure, and has preserved his right to have his case reviewed by this court.

For the reasons stated, the judgment and sentence are avoided, and this case is remanded to be proceeded with according to law, and the views herein expressed.

O'NIELL, C. J., takes no part.