151 So. 765

**STATE v. DUKES et al.**

No. 32627.

Nov. 27, 1933.

McIntosh & Sims and R. V. Reeves, all of Oak Grove, for appellants.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and D. J. Anders, Dist. Atty., of Winnsboro (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

BRUNOT, Justice.

Streetman Dukes and Harry Millsaps were indicted for the crime of breaking and entering a store in the nighttime with intent to steal. They were arraigned and tried together. Both were convicted and sentenced to serve three years at hard labor in the Louisiana state penitentiary. Both appealed from the verdict and sentence.

There are three bills of exception in the record. One was reserved by Harry Millsaps to the overruling of a motion, filed by him individually, for a continuance. One was reserved by both defendants to the overruling of an exception and plea of prescription filed by them, and the third, to the overrul-

ing of their motion for a new trial. A motion in arrest of judgment was also filed, heard, and overruled.

The record discloses that Harry Millsaps obtained an order of court for the subpœna of three witnesses, alleged to be residents of an adjoining parish. The subpœnas were issued, and the sheriff's return thereon shows that the parties named in the subpœnaes were out of the state. The motion for a continuance is based on the absence of said witnesses at the time of the trial.

█ It is the accepted rule that the granting or denying of an application for the continuance of criminal cases rests largely in the discretion of the trial judge, and his ruling will not be interfered with, unless a clear case of abuse of discretion is presented. A long list of cases, so holding, beginning with State v. King, 31 La. Ann. 179, and concluding with State v. Jack, 139 La. 885, 72 So. 429, are cited in Louisiana Digest, vol. 2, page 582, Criminal Law, § 247. In State v. Nash, 45 La. Ann. 1137, 13 So. 732, 734, the court said:

"It is not a legal ground for a continuance or the fixing of the case for trial at a later day than that ordered by the judge when alleged important witnesses are absent in another state. In such a case the fixing of the case for trial or its continuance is a matter within the exclusive discretion of the district judge."

██ The record discloses that, after the arraignment of the accused, copies of the indictment and venire were served upon them. There was a typographical error in the copies of the indictment which were served upon the accused, and their exception, plea of prescription, motion for a new trial, and motion in arrest of judgment are based solely on the effect of that error. These bills and motion in arrest of judgment, therefore, present for decision the question whether the service upon the accused of copies of the indictment, correct in all respects, except as to the year in which the offense is charged to have been committed, is a sufficient compliance with section 992, R. S., or is such a defect as warrants a reversal of the verdict. The pertinent part of section 992, R. S., follows:

"Every person who shall be indicted for any capital crime, or any crime punishable with imprisonment at hard labor for seven years or upwards, shall have a copy of the indictment and the list of the jury which are to pass on his trial, delivered to him at least two entire days before the trial."

The indictment is not attacked. The defendants are charged therein with breaking and entering a store in the nighttime, with intent to steal, on *April 20, 1932*. In the copies of the indictment which were served upon them the date the offense is charged to have been committed is erroneously given as *April 20, 1930*.

The defendants' exception to the service of the copies of the indictment and their plea of prescription were filed, heard, and overruled before the trial. The judge's reasons for so ruling are as follows:

"Under the provisions of the Code of Criminal Procedure, it would have been immaterial if the original indictment had contained the error of date as 1930 instead of 1932. If this had been the case, the District Attorney

could have amended and proceeded with the trial. We cannot see how such an error in the copy served upon defendants can be more fatal than if the same error had been contained in the original indictment itself. Also, the defendants had been arraigned on the original indictment several days prior to the trial."

It is true that the original indictment could have been amended during the trial in all respects permitted by section 1047, R. S., now article 364, Code of Criminal Procedure, without delaying the trial, if the court found that the accused could not thereby be prejudiced in their defense. But criminal statutes are strictly·construed; therefore the application of article 364, Code Cr. Proc. must be limited to the specific omissions or variances mentioned therein. An error in an indictment as to the date on which a crime is charged to have been committed is not one of the variances specified in article 364, Code Cr. Proc., which may be corrected during the trial without necessitating a reasonable continuance of the case, if the defendant so elects.

We can well see why this should be. For instance, an accused may have a perfect alibi for the date appearing in the copy of the indictment served upon him, and his entire defense may be predicated thereon. When an exception to the service of an incorrect copy of an indictment is timely filed, as was done in this case, the Supreme Court has consistently safeguarded the right of the accused to have a correct copy of the indictment served upon him before the trial, in the manner and as prescribed by section 992, R. S. In the adjudicated cases the rule is stated as follows:

"The defendant in a criminal case is entitled to have a true copy of the indictment served on him two entire days before the trial. If an imperfect copy has been served on him, if he makes timely objection before the jury is impanelled, he has the right to delay the case until a correct copy of the indictment is served on him." State v. Howell, 3 La. Ann. 50; State v. Jackson, 12 La. Ann. 679; State v. Finn, 43 La. Ann. 895, 9 So. 498.

So far as we know the cited cases have not been overruled, and section 992, R. S., the law upon which they are based, has not been amended.

For the reasons stated, the defendants' bill of exceptions to the overruling of their exception to the service upon them of imperfect copies of the indictment charging them with a crime punishable by hard labor, in the state penitentiary, for a term exceeding seven years, is reversible error. The verdict and sentence appealed from are therefore avoided and set aside, and this case is remanded to the district court for trial according to law and the views herein expressed.