185 So.2d 19

STATE of Louisiana

v.

Jessie GURNEY.

No. 47900.

March 28, 1966.

F. Irvin Dymond, George M. Leppert, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

On December 9, 1964 defendant-appellant Jessie Gurney was charged by bill of information with the theft of: "* * *. clothing and household items valued at Two Thousand and no/100 ($2,000.00) Dollars, the property of Barbara Glover, * * *." According to the bill of information the theft was committed on November 7, 1964.

After the accused waived a jury, the trial commenced on February 23, 1965.

At the close of the State's case the State moved for leave to amend the information by changing the date of the alleged offense from "November 7, 1964" to "November 6, 1964;" and by adding the word "jewelry" and the words "and appliances" to the description of the articles allegedly stolen.

Over the objection of counsel for defendant these amendments were allowed, a request for additional time based on the prejudicial effect of these belated amendments was denied, and a bill of exceptions properly reserved.

Defendant was found guilty and sentenced "to be confined to the Louisiana State Penitentiary at hard labor for three years."

Defendant's main argument is that the amendment was improper under Article 364 of the Code of Criminal Procedure[1] which is applicable to this fact situation. Accord-

---

1. Article 364—"Whenever, on or before the trial of any indictment, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any parish, city or place men-

ing to this theory, it is asserted that as originally drawn at the commencement of trial, the information charged the theft of "clothing and household items," and the addition of "jewelry" thereto at the close of the State's case does not fall within any of the permissive amendments set forth in Ar-

ticle 364 which has been given a restrictive interpretation. State v. Dukes, 178 La. 443, 151 So. 765 (1933); State v. Sylistan, 169 La. 699, 125 So. 859 (1930).

The State's attorney, on the other hand, urges us to apply the provisions of Article 253 of the Code of Criminal Procedure[2]

---

tioned or described in such indictment; or in the name or description of any person, body politic or corporate, therein stated or alleged to be the owner of any property, real or personal which shall form the subject of any offense charged therein; or in the name or description of any person, body corporate or politic, therein stated or alleged to be injured or damaged or intended to be injured or damaged by the commission of such offense; or in the given name or surname, or both given name and surname, or other description whatsoever, of any person whomsoever therein named or described; or in the name or description of any matter or thing whatsoever therein named or described; or in the ownership of any property named or described therein, it shall be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant can not be prejudiced thereby in his defense, to order such indictment to be amended according to the proof, both in that part of the indictment where such variance occurs and in every other part of the indictment which it may become necessary to amend; the trial to be had before the same or another jury, as the court shall think reasonable; and after any such amendment the trial shall proceed, whenever the same shall be proceeded with, in the same manner in all respects as if no such variance had occurred or amendments been made; provided, that in all such cases where the trial shall be postponed, the witnesses shall be bound to attend to prosecute and give evidence respectively, and the defendant shall be bound to attend to be tried, at the time and place to which such trial shall be postponed, without entering into any fresh recognizances for that purpose, in the same manner as they were originally bound by their respective recognizances to appear and prosecute or give evidence at the time and place to which such trial shall have been postponed."

2. Article 253—"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. In case a jury shall be

 ． ．

which by its broad and general language seems to permit an indictment to be amended in respect to "any variance with the evidence."

 The perplexing inconsistencies in these two articles,[3] the circumstances present here, the decisions of this court and universally accepted principles of statutory interpretation which recognize that criminal statutes are *stricti juris*, direct that we apply Article 364 to this case. It is more precise in its language and would appear to modify and restrict the broad, general provisions of Article 253. Moreover, Article 364 appears in Part XXII of the Code of Criminal Procedure, pertaining to "Trial and its Incidents," whereas Article 253 is in Part XIX titled "Indictment," under Subpart C titled "Recitals Requisite in Indictments for Certain Crimes." (See also Articles 202, 216, 287.) We think its position in the Code is some indication that Article 364 more specifically applies to the factual situation of this case, concerning as it does the State's effort during the course of the trial to amend the indictment to cure a variance with the proof, as distinguished from

Article 253 which would appear to be designed to apply in most instances to objections usually urged before trial, when the accused on his own motion is attempting to quash an indictment on account of a defect in form or substance.

 In applying Article 364 to this case, it is our conclusion that the State's effort to add "jewelry" to the indictment, which previously only charged the defendant with the theft of "clothing and household items," does not come within the amendments which are permissible to correct a variance with the proof during the course of the trial.

Amendments permitted by Article 364 primarily concern the description of things or the names of persons or places. But this is not a change in the description of the object alleged to have been stolen—it is the addition of an entirely new object. And a change either by substitution or addition in the genus of the thing alleged to have been stolen is not sanctioned by this article. To allow the amendment was error which entitled the defendant to a new trial. State v. Dukes, 178 La. 443, 151 So. 765 (1933); State v. Sylistan, 169 La. 699, 125 So.2d

discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy. No action of the court in refusing a continuance or postponement under this article shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from

consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

3. Slovenko, The Accusation in Louisiana Criminal Law, 32 Tul.L.Rev. 47, 81 (1957); Bennett, Louisiana Criminal Procedure—A Critical Appraisal, 14 La.L. Rev. 11, 20 (1953).

859 (1930); State v. Cavanaugh, 52 La.Ann. 1251, 27 So. 704 (1900); State v. Morgan, 35 La.Ann. 1139 (1883); State v. Jessie, 30 La.Ann. 1170 (1878). Compare State v. Leierer, 242 La. 961, 140 So.2d 375 (1962) where this court applied Article 364 and not Article 253.

■ The State's attorney nevertheless contends that, if this amendment was improper, the accused did not move for a continuance and, unless she has filed a motion for a continuance, the error in the amendment cannot serve as a basis for a new trial. However, this view overlooks the fact that Article 364 does not require a motion for a continuance; that is a requirement of Article 253 which is inapplicable to this case.

■ Moreover, we think that, even if the amendment were otherwise permissible, the prejudice contemplated by Article 364 occurred here, and the trial court should have postponed the trial to give the defendant an opportunity to adjust to the change which had been made in the information.

■ Changing the genus of the object of the theft during the course of the trial is not a mere matter of form. Such a change is a matter of substance which goes to the very essence of the crime charged; and to compel the defendant to proceed forthwith with the trial, against her protest that she was surprised and not prepared to defend against the amended charge, invariably results in prejudice. State v. Williams, 173 La. 1, 136 So. 68 (1931).

■ But the State's attorney argues that, according to a finding of the trial judge, the element of surprise was not present here because the State's attorney made reference to "jewelry" in his opening statement, and jewelry was referred to by the witnesses when they mentioned the objects which had been stolen.[4] These references, the court found, forewarned the accused and consequently there was no surprise and no prejudice. We do not agree with that finding.

Simply because of these references to jewelry the defendant was not required to present evidence to rebut that reference. Why should she rebut a reference to the theft of jewelry when she was not charged with nor did she plead to the theft of such objects? Such a reference was immaterial and irrelevant and could not·serve to sustain a charge of theft of clothing against which she was defending herself. She was compelled to defend against and rebut the allegation of theft of jewelry only after she was properly charged to that effect and the

---

4. It is to be noted from the record that defense counsel did not recall any reference to jewelry in the opening statement of the State's attorney. The trial judge, however, did recall the reference according to an observation made by him in an interchange with counsel which is in the record.

theft of jewelry became a material and relevant issue in the case.

The real and significant surprise, therefore, was not learning that she was suspected of the theft of jewelry, but, rather, consisted of being charged additionally with the theft of jewelry and having the date of the alleged theft changed in the midst of the trial. These changes undoubtedly made it necessary for the accused to realign her defense and alter the nature of the proof required in rebuttal. See State v. Leierer, 242 La. 961, 140 So.2d 375 (1962). Surely the evidence which she might have introduced to rebut the allegation that she stole clothing on one date would not serve as a defense to the amended allegation that jewelry was also stolen and the theft took place on another date. United States v. Monroe, 164 F.2d 471, 475 (2d Cir.1947), cert. denied, 333 U.S. 828, 68 S.Ct. 452, 92 L.Ed. 1113 (1947).

Although changing the date alone may not, under all circumstances, create the prejudice contemplated by Article 364 and be grounds for a new trial (See State v. Blankenship, 231 La. 993, 93 So.2d 533 (1947) and State v. Johnson, 228 La. 317, 82 So.2d 24 (1955)), the change of date in this instance, coupled with the change in the object of the theft, adds support to defendant's claim of prejudice.

█ Thus, when, by the State's action, defendant was ordered to proceed with the

trial without the postponement contemplated by Article 364 to permit her to prepare for a change in the indictment, when the change could reasonably be expected to require either modifications in the nature of the proof or additional proof, there was a violation of standards of fairness which are implicit in our concept of due process.

The conviction and sentence are annulled, reversed and set aside. The accused is granted a new trial.

HAMITER, J., dissents with written reasons.

HAWTHORNE, J., dissents.

McCALEB, J., dissents with written reasons.

HAMITER, Justice (dissenting).

The essence of the majority holding herein is that the accused was taken by surprise when the state amended the information so as to add thereto an allegation respecting the theft of jewelry, and that he did not have sufficient opportunity to defend against such amendment.

Initially, it should be noted that, according to the record, not only did the district attorney refer in his opening statement to the taking of jewelry but also he introduced much evidence of such fact (without any defense objection whatsoever) during the presentation of the state's case. Therefore, it is difficult to understand how the

defendant was "surprised" when the amendment was offered.

Be that as it may, any prejudice which might have resulted by the action of the state in amending the information at the conclusion of its case could have been overcome by the accused's formally requesting a continuance. But at no time did he seek that relief in accordance with the provisions of LRS 15:321 (this requires the tendering of a written motion therefor).

Seemingly, the majority opinion maintains that the law does not support the proposition that this defendant should have asked for a continuance. I find neither statutory enactment nor any judicial pronouncements which compel a judge, under circumstances similar to those existing here, to order a postponement on his own motion. To the contrary are the observations found in State v. Hebert, 160 La. 316, 107 So. 123 and State v. Jones, 195 La. 611, 197 So. 249.

In the latter case, which involved a conviction for murder and a sentence of death, the defendant sought a continuance by formal written motion following the amending of the indictment, he alleging therein that his rights had been prejudiced by the amendment. The motion was overruled. On appeal we maintained the ruling of the trial court, holding that it was necessary for the accused to allege facts tending to show prejudice and to establish them at a hearing on his written motion. That case, obviously, is much stronger than the one presently being considered in which no formal motion for a continuance was tendered at all.

I respectfully dissent.

McCALEB, Justice (dissenting).

I respectfully dissent from the ruling herein as the record clearly indicates that appellant was not prejudiced by the amendment to the Bill of Information. Since the alleged theft resulted from one act the date was immaterial as prescription is not involved. Likewise, the proof that "jewelry" and "appliances" were taken at the same time the clothing and household articles were removed, warranted allowance of the amendment which was obviously an insubstantial change in the charge as the per curiam of the judge shows that the clothing and household items taken had a value far in excess of $100.

Nor do I think that a showing of surprise was made by defense counsel so as to entitle appellant to a continuance of the case. The judge points out in his per curiam that the district attorney, in his opening statement, referred to the theft of "jewelry" and "appliances", as well as the articles described in the Bill of Information, and the evidence of the theft of these items was admitted without objection from appellant's counsel. Under such conditions, it is error to conclude that a continuance should have been granted.