SANDERS, Chief Justice.
Defendant, Carl Guillory, was convicted of violating LSA-R.S. 26:88(7) [1], employing “B Girls.” He was sentenced to pay a fine of $500.00, or in lieu of payment to be imprisoned in the Parish Prison for a period of 60 days. LSA-R.S. 26:191.[2] From his conviction and sentence, defendant ap *596 peals, relying upon 13 bills of exceptions to obtain a reversal.
We find it unnecessary to consider the bills of exceptions reserved, as we note, ex proprio motu, that the bill of information under which the defendant was tried is legally insufficient, requiring that the conviction and sentence be set aside.
Article 465 of the Louisiana Code of Criminal Procedure contains no short form for charging the present crime. Hence, the bill of information must set forth the “essential facts constituting the offense.” See LSA-C.Cr.P. Art. 464.
The bill of information charges that the defendant, Carl Guillory, “while holding a retail liquor dealer’s permit did employ and permit females, commonly known as ‘B-Girls’ to solicit patrons for drinks and to accept drinks from patrons and did remunerate said ‘B-Girls’ therefor, in violation of R.S. 26:88(7) * * It does not charge that these acts were done on or about the licensed premises, an essential element of the crime under LSA-R.S. 26:88.[3]
It is sacramental that the trial be held upon a bill of information alleging all essential elements of the crime. See LSA-C.Cr.P. Art. 487, Comment (b); State v. Williams, 173 La. 1, 136 So. 68 (1931); State v. Gurney, 249 La. 71, 185 So.2d 19 (1966).
Since an essential element of the crime was omitted from the bill of information, the conviction must be set aside.
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded to the,district court for further proceedings consistent with the views herein expressed.

. LSA-R.S. 26:88 provides, in pertinent part: “No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises: * * * (7) Employ or permit females, commonly known as ‘B Girls,’ to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission or remuneration in any other way. * * * Violation of this Sectioh is punishable as provided in R.S. 26:191 and is also sufficient cause for the suspension or revocation of a permit.” (Italics ours).

. LSA-R.S. 26:191 provides : “Whoever violates any provision of this Chapter or any rule or regulation of the board, where no other penalty is provided for in this Chapter, shall be fined not less than one hundred dollars nor more than five hundred dollars or imprisoned for not less than thirty days nor more than six months, or both.”

. See Footnote 1 supra. A motion to amend the Bill of Information was filed by the District Attorney in an attempt to cure this defect. The motion was objected to by the defense, and was taken under advisement. It appears from the record, however, that no ruling on the motion to amend was ever made by the trial judge. The minute entry of April 21, 1972 reflects that the motion to amend was filed, but does not reflect that the motion was granted. Additionally, the order attached to the motion to amend which is included in the record is not signed by the trial judge. Tr. 13. The bill of information itself which is included in the record does not reflect the proposed amendment. We therefore conclude that the defendant was tried under the original bill of information.