317 So.2d 184 (1975)
STATE of Louisiana
v.
Robert McKINNON.
No. 55981.
Supreme Court of Louisiana.
July 25, 1975.
Rehearing Denied September 5, 1975.
*185 Guy Johnson, New Orleans, for defendant-appellant.
*186 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
By a bill of information Robert McKinnon was charged with theft between July 28, 1970 and March 3, 1972 of $72,949.51 belonging to Bob McKinnon Chevrolet Co., Inc. La.R.S. 14:67. On March 1, 1974 the information was amended to reduce the charge to the theft of $45,089.57. He was tried, found guilty as charged, and sentenced to serve 4½ years in the custody of the Director of the Department of Corrections and to pay a fine of $3,000. On this appeal he relies upon five bills of exceptions.
McKinnon, together with Herbert L. Polk and George A. Gear, were engaged in the business of selling and servicing automobiles in the city of New Orleans. The corporate status of this operation is reflected in its nameBob McKinnon Chevrolet, Incorporated.
The corporation held a Chevrolet Motor Company franchise requiring that one individual be named as operator. Accordingly, appellant McKinnon was named as operator with certain accruing benefits, one of which was the right to purchase the interest of the other associates after five years of operation.
McKinnon attempted to exercise this option and the partners resisted. The result was a multiplicity of civil litigation, including actions for injunctions in both State and Federal courts. No court enjoined operation of the business, but most of the remaining litigation remains unresolved.
Polk and Gear, holders of two-thirds of the stock, fired McKinnon, called in their own auditor and proceeded to do an intensive audit. This audit and the opinions of its author constitute the principal evidence relied on by the State.

BILL 1
While the State's attorney was questioning McKinnon's business partner Polk, the following occurred:
"Q. Would you clarify that a little bit? What do you mean the dealer can buy it out over a five-year period?
A. Mr. McKinnon, Mr. Gear, and I signed an agreement that the intent was Mr. McKinnon was to buy our interest out over a five-year period. And Mr. McKinnon stated to us that at his age all he wanted was to have an"
At this point counsel for defense noted an objection stating: "Maybe it is the time to raise a formal objection of statements made by Mr. McKinnon." Soon thereafter, the State's attorney asked: "Did Mr. McKinnon ever tell you he wanted to buy out the business?" Counsel for defendant again objected on the same ground and the objection was overruled. Polk then answered, disclosing what McKinnon said.
The objection was urged as a continuing objection by defense counsel:
"Mr. Johnson: Your Honor, I want to make one objection to any statement made by Mr. McKinnon at any time in this casemake this one objection based upon the fact that if a statement of Mr. McKinnon is introduced, it is either inculpatory or exculpatory, and the prosecution has no interest in introducing exculpatory statements, (and) compliance with the code requirements of notice of intention to use that has not been made at this time."
The trial judge recognized a continuing objection to all statements made by the accused, McKinnon.
There are substantial questions presented by this ruling. Making the objection continuing during a protracted trial lasting nine days, in which five volumes of *187 testimony containing 1,123 pages were recorded, is a doubtful practice. Only one bill was reserved on this issue which is referred to in detail above. Under these circumstances, since this trial ended on March 3, 1974, only the bill of exceptions reserved may be considered, for at that time the pertinent law was:
"An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.
. . . . . ."
La.Code Crim.Proc. art. 841.
At the time of this trial, the foregoing provision was in full force and effect. A subsequent amendment by Act 297 of 1974, permitting merely that the objecting party assign error, has no effect on this trial. Particularly where, as here, there is no designation in writing of the errors which are now urged upon this appeal, other than that contained in the bill of exceptions to which reference has been made. Article 844, in effect at the time of this trial, mandates that the "appellate court shall consider only formal bills of exceptions." This article was amended by Act 207 of 1974 to implement the assignment of error requirement of Article 841 on appeals. Even the amendment, however, requires that the party appealing "shall designate, in writing, those errors which are urged on appeal."
Nevertheless, the briefs indicate that this bill of exceptions is exemplary of the issues presented by the other questions and answers to which the continuing objection applies. A decision on this bill, will, therefore, be determinative of the proposition advanced by this bill and defendant's brief.
It is the defense contention that the State's attorney improperly solicited an answer from the witness, an answer requiring that he say what the defendant McKinnon told him. This, it is argued, was to solicit an inculpatory statement. Although it is not stated in what respect the specific answer is inculpatory, it is reasoned that the State has no interest in eliciting exculpatory statements of the defendant, and any answer the witness might give would be inculpatory. And, if they are not inculpatory, then they nevertheless are objectionable, for they are not relevant.
It is fair to say that the State's witnesses did testify to statements made to them by McKinnon which were unfavorable to his cause. But these statements were not inculpatory statements within the contemplation of Article 768 of the Code of Criminal Procedure providing:
"If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."
The statements made by McKinnon to the witnesses were made in connection with a series of facts and circumstances occurring over a long period of time which formed the basis of this theft charge. The theft did not arise from a single incident but involved, instead, a number of actions on McKinnon's part whereby on various occasions he misappropriated things having the cumulative value charged in the bill of information. The statements were, therefore, parts of the overall transaction. The law does not require that a theft consist of one single appropriation. To the contrary, "when there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense." La.R.S. 14:67.
*188 These statements, therefore, are not the type inculpatory statement Article 768 is intended to govern. Inculpatory statements within the contemplation of the Article, like confessions, involve "out-of-court admissions of incriminating facts made by the defendant after the crime has been committed." State v. Wells, 306 So.2d 695 (La.1975); State v. Johnson, 263 La. 462, 268 So.2d 620 (1972); State v. Fink, 255 La. 385, 231 So.2d 360 (1970). These admissions on McKinnon's part occurred during the perpetration of the numerous acts of appropriation constituting the theft offense.
The trial judge in a per curiam to this bill also reasoned that the statements were not "after the crime", and therefore not inculpatory under Article 768. Although the defense objection was not based upon the contention that these statements were hearsay, the trial judge recognized the hearsay character of the statements, but found them to be part of the res gestae. As such, he decided, they were exceptions to the hearsay rule and not objectionable. His reasons were well-founded. The declarations of McKinnon were "necessary incidents of the criminal act, or immediate concomitants of it." La.R.S. 15:448. See, also, La.R.S. 15:434 and 447.

BILLS 2 and 3
Examination of the qualifications of the accountant Raymond W. Schmidt established that he was an expert in his field and qualified to express an opinion. However, defense counsel objected to his competency to testify and invoked the privilege accorded by Section 85 of Title 37 of the Revised Statutes. The section declares:
"No certified public accountant, public accountant, or person employed by certified public accountant or public accountant, shall be required to, or voluntarily disclose or divulge, the contents of any communication made to him by any person employing him to examine, audit, or report on any books, records, or accounts, or divulge any information derived from such books, records or accounts in rendering professional services except by express permission of the person employing him or his heirs, personal representative or successors."
On the basis of this objection the trial judge ruled that the witness would not be permitted to testify unless he and the party employing him waived the privilege the statute established. Accordingly, Schmidt, Polk, as president of the corporation, and Gear, as a director, took the stand and waived the privilege. The trial judge then ruled that Schmidt could testify. Defense counsel objected to this ruling and reserved bill of exceptions number 2. He then moved to suppress all evidence obtained by the prosecution prior to and subsequent to the in-court waiver based upon the contention that the privilege could not be waived. When the motion was overruled bill number 3 was reserved.
As the statute creating the privilege states, the accountant cannot divulge the testimony without the "express permission of the persons employing him." In this case the president of the corporation employing the accountant waived the privilege on his own behalf, on behalf of the corporation and in his capacity as a director. Gear, also a director, also waived the privilege. It is our view that this constituted an adequate waiver when granted by the president, as such, and by two of the three directors of the corporation.
In addition, the testimony of the accountant is authorized and was properly admitted at the trial on another ground. Section 86 of Title 37 states that, "(n)othing in R.S. 37:83 through 37:85 shall modify, change, or affect the criminal laws of this state . . . any rules or laws of evidence of this state, or any proceedings held in any court."
*189 Considered in light of this caveat, the privilege is inapplicable in this criminal proceeding. It does change and affect the criminal laws of the state by adding a privilege not accorded by those laws. Testimonial privileges which may be claimed in criminal proceedings are found in Title 15 of the Revised Statutes. Section 461 pertains to the husband and wife privilege; Section 475 to the attorney-client privilege; Section 476 physician-patient; and Section 477 clergyman-penitent. Since the accountant's privilege is not found in the context of the State's criminal laws, it cannot by its express language apply in a criminal proceeding.
These bills have no merit.

BILL 4
When the State sought to establish proof of theft of approximately $30,000 by documentary evidence, it was objected that the particulars of these documents were not disclosed by the State in answer to defendant's request for a bill of particulars and therefore evidence as to them was inadmissible. In view of this objection the prosecution moved to amend the bill of particulars and the bill of information to conform with the evidence.
The trial judge ruled, however, that amendment of the bill of particulars would not be permitted, but that he would permit amendment of the bill of information to conform with the evidence upon the authority of Article 488 of the Code of Criminal Procedure:
"When there is a variance between the allegations of an indictment or bill of particulars which state the particulars of the offense, and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidence."
In connection with this ruling, the trial judge admonished the jury to disregard all of the evidence relating to the documents and testimony which had not been disclosed by the bill of particulars.
The ruling was correct. As the quoted article makes clear, when there is an amendment in keeping with a variance in the proof to be offered, the amendment is permissible, after which the evidence may be admitted. Such an amendment during trial, however, is not permissible if the defect in the indictment is one of substance. La.Code Crim.Proc. art. 487. When a defect of substance is discovered after the trial has begun, it is too late, and a mistrial must be declared since it is sacramental that the trial must be held upon an indictment which is not substantively defective, that is, which states the basic elements of the crime charged or follows an authorized specific form. State v. Williams, 173 La. 1, 136 So. 68 (1931).
In the case at bar reducing the value of the things misappropriated does not change the genus of the thing misappropriated. The State's amendment, therefore, does not surprise the defendant nor compel him to realign his defense. The change was merely formal, not substantive. State v. Gurney, 249 La. 71, 185 So.2d 19 (1966).
There is no merit to this bill.

BILL 5
In a motion for a directed verdict it was alleged by the defendant that there was no evidence of the crime, and, more particularly, that there was no evidence of an intent to permanently deprive the corporation of the funds taken. The motion was denied, and this bill was reserved.
By the settled jurisprudence of this Court a motion for a directed verdict in a jury trial may be granted only where there is no evidence at all to prove the crime charged, or an essential element thereof. La.Const. art. VII, ¶ 10; Art. XIX, ¶ 9; La.Code Crim.Proc. art. 778; State v. Hatch, 305 So.2d 497 (La.1974).
*190 There is ample evidence in this record to support the verdict. McKinnon withdrew approximately $45,000 from the dealership for his personal use between July of 1970 and March of 1972. Although proof of his intent to permanently deprive the corporation of the funds taken is a question of fact, it need not be proven as a fact, it may be inferred, from the circumstances of the transaction. La.R.S. 15:445; State v. White, 301 So.2d 321 (La.1974). There is evidence in this record from which such an inference could be drawn by the jury.
This bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs and assigns reasons.
CALOGERO, J., concurs for the reasons assigned by BARHAM, J.
BARHAM, Justice (concurring).
The majority has, in dictum, stated that only the bill of exceptions reserved could be considered on this appeal. This appeal is lodged under the Louisiana Constitution of 1974 and we may consider any objection made at the trial which is assigned as error. The record here is sufficiently replete with reference to the objections, and even to the bill of exceptions that was reserved, to present a proper record for total review of all objections. I concur since the majority actually treats all of the objections, and whatever else is said in the opinion in this regard has no weight as a holding in the case, being more dictum.
I am further of the opinion that when counsel makes an objection to a question and is overruled, and a long and continued line of questioning adverse to his position necessarily will follow, if he requests that his objection be made general to all such interrogation and receives a favorable ruling from the trial court, all testimony included in that category covered by the objection is before this Court for review.
I further concur because the majority characterizes the inculpatory statements as res gestae. This Court has for too long loosely used that terminology whenever any evidence is considered admissible.
I respectfully concur in the result.